UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KELVIN J. JONES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-00345-NCC |
| ) | |
| **NEIGHBORHOOD STABILIZATION** ) | |
| **TEAM CITY OF ST. LOUIS, MO,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 13). Defendant filed a Memorandum in Support (Doc. 14). Defendant argues that Plaintiff's claims should be dismissed because the Neighborhood Stabilization Team (NST) is not a suable entity, and for Rule 8 violations and failure to state a claim due to the complaint's lack of clarity. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 16). In consideration of Plaintiff's self-represented status, the Court will give him the opportunity to file an amended complaint.

### I. Amendment

**A. Proper Defendant**

Defendant argues that the NST is not a suable entity (Doc. 14 at 4). The Court agrees. *See Jordan v. Kansas City*, 929 S.W.2d 882, 888 (Mo. Ct. App. 1996); *Beal v. Jones*, No. 4:17 CV 2862 DDN, 2018 WL 4562897, at *3 (E.D. Mo. Sept. 24, 2018). In his amended complaint, Plaintiff must name the only proper defendant—the City of St. Louis, Missouri.[1]

---

[1] It appears that Plaintiff may have sued the City, along with the NST, in the first instance. For "Defendant's name," Plaintiff listed "Neighborhood Stabilization Team / City of St. Louis, MO" (Doc. 1 at 2). The slash could indicate separate defendants. Plaintiff similarly

B. **Claims**

   i. **Title VII**

In the Complaint, Plaintiff checks the box for discrimination based on Title VII (Doc. 1 at 1). Title VII prohibits employment discrimination because of race, color, religion, sex or national origin. Plaintiff is Black / African-American and male but does not allege race or sex discrimination in the Complaint (Doc. 1 at 5). If Plaintiff is not alleging discrimination based on race, color, religion, sex or national origin, he should not check the box for Title VII in his amended complaint.

   ii. **Disability**

In the Complaint, Plaintiff checks the boxes for discrimination based on the Americans with Disabilities Act (ADA) and the Rehabilitation Act, and for discrimination because of his disability (Doc. 1 at 1-2, 5). The ADA[2] prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). This includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." § 12112(b)(5)(A).

To establish a prima facie case of discrimination based on disability, a plaintiff must show the following elements: (1) he is disabled within the meaning of the ADA; (2) he is a qualified individual under the ADA; and (3) he has suffered an adverse employment decision

---

used a slash in his EEOC charge (Doc. 1-2 at 2).

   [2] The standard for a claim under the Rehabilitation Act is the same. *Hill v. Walker,* 737 F.3d 1209, 1216 (8th Cir. 2013); *Gorman v. Bartch*, 152 F.3d 907, 911-12 (8th Cir. 1998).

because of the disability. *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 906 (8th Cir. 2015). To be considered disabled within the meaning of the ADA, a plaintiff must show "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1).

In addition, to establish a prima facie case for failure to accommodate his disability, a plaintiff must show the following elements:

1) the employer knew about the employee's disability;

2) the employee requested accommodations or assistance for his disability;

3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and

4) the employee could have been reasonably accommodated but for the employer's lack of good faith.

*Schaffhauser*, 794 F.3d at 906 (citing *Peyton v. Fred's Stores of Ark., Inc.*, 561 F.3d 900, 902 (8th Cir. 2009)).

In his amended complaint, Plaintiff must set forth each element of his disability claim(s). The Court notes that Plaintiff only identifies his disability (osteoporosis of the hip) in his EEOC charge (Doc. 1-2 at 2). The Court further notes that Plaintiff fleshes out his disability-related allegations (the events of August 2, 2022 and his demotion and termination) far more in his EEOC charge (Doc. 1-2 at 8). In his amended complaint, Plaintiff should identify his disability and the adverse employment action(s) taken against him, and allege facts showing how the action(s) was *because of* his disability and, if he so chooses, facts showing how Defendant failed to reasonably accommodate him.

3

### iii. Age

In the Complaint, Plaintiff checks the boxes for discrimination based on the Age Discrimination in Employment Act (ADEA), and for discrimination based on age (Doc. 1 at 1, 5).  To establish a prima facie case of discrimination based on age under the ADEA, a plaintiff must show the following elements: (1) he is a member of the protected class (over 40 years of age); (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) similarly-situated employees outside the class (younger employees) were treated more favorably. *Anderson v. Durham, D&M, L.L.C.,* 606 F.3d 513, 523 (8th Cir. 2010).  A plaintiff can also establish a prima facie case by showing direct evidence of discrimination.  Direct evidence includes evidence of actions or remarks of the employer that reflect a discriminatory attitude, comments which demonstrate a discriminatory animus in the decisional process, or comments uttered by individuals closely involved in employment decisions.  *King v. United States*, 553 F.3d 1156, 1161 (8th Cir. 2009).  In his amended complaint, Plaintiff must set forth each element of his age discrimination claim(s).

### iv. Hostile Work Environment

In the Complaint, Plaintiff checks the box for harassment (Doc. 1 at 4).  To establish a prima facie case for hostile work environment under either the ADA or the ADEA, a plaintiff must show the following elements: (1) he is a member of the class of people protected by the statute; (2) he was subject to unwelcome harassment; (3) the harassment resulted from his membership in the protected class; and (4) the harassment was severe enough to affect the terms, conditions, or privileges of his employment.  *Moses v. Dassault Falcon Jet-Wilmington Corp*, 894 F.3d 911, 921–22 (8th Cir. 2018).  To determine the last element, a court considers the totality of the circumstances, including the frequency and severity of the conduct, whether it was physically threatening or humiliating, and whether it unreasonably interfered with the

4

employee's job performance. *Id.* at 922.  In his amended complaint, Plaintiff must set forth each element of his hostile work environment claim(s).

### C.  Clarity

Defendant complains that the Complaint is not clear.  The Court agrees that the handwritten description of Plaintiff's claim(s) is sometimes difficult to read and portions appear cut off (Doc. 1 at 5).  Plaintiff must type or very neatly print the amended complaint.  Plaintiff's amended complaint must also comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.  Rule 8 requires a plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct.  Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

While Rule 8 requires a short and plain statement, Plaintiff must nevertheless allege sufficient facts to establish all the elements of a prima facie case.  The Court notes that Plaintiff's EEOC charge is quite clear and detailed regarding the discrimination he alleges.  *See Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002) (a plaintiff may only proceed on allegations that are like or reasonably related to the allegations brought before the EEOC).  Plaintiff would do well to include essential allegations from his EEOC charge in his amended complaint.

### D.  Jury Demand

Finally, the Court notes that Plaintiff failed to indicate whether he is demanding a jury trial (Doc. 1 at 1).  In his amended complaint, Plaintiff should check "yes" in the caption if he wishes to have any trial in this case before a jury, or "no" if he wishes to have any trial before this judge.

Plaintiff will be given thirty (30) days to file an amended complaint. As with his original complaint, Plaintiff should file his amended complaint on a court-provided form and attach his EEOC charge and right-to-sue letter. Plaintiff is warned that the amended complaint will entirely replace the original one. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

## II.  ADR

In accordance with the scheduling conference held on June 6, 2024, Plaintiff is advised that he may request (1) a pro bono lawyer for the limited purpose of representing him during the Alternative Dispute Resolution (ADR) process and (2) a pro bono neutral to conduct the ADR process. This matter is currently set for referral to ADR on October 1, 2024. Plaintiff should file any motions for appointment of pro bono limited scope counsel or a pro bono neutral no later than thirty (30) days prior to the ADR referral date.

## III.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall provide Plaintiff with copies of (1) the Employment Discrimination Complaint form, (2) the Motion for Appointment of Alternative Dispute Resolution (ADR) Pro Bono Limited Scope Counsel form, and (3) the Motion and Order Concerning Appointment of Pro Bono Neutral form with the accompanying Financial Affidavit form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff shall file an amended complaint as instructed in this order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 13) is **DENIED without prejudice**.

**IT IS FINALLY ORDERED** that any motions for appointment of pro bono limited scope counsel or a pro bono neutral shall be filed no later than thirty (30) days prior to the ADR referral date.

Dated this 1st day of July, 2024.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE